1   MICHAEL T. LUCEY (SBN: 099927)
    KEVIN D. WHITTAKER (SBN: 224700)
2   GORDON & REES LLP
    275 Battery Street, Suite 2000
3   San Francisco, CA 94111
    Telephone: (415) 986-8054
4
    Attorneys for Defendant
5   WAL-MART STORES, INC.

6   LAWRANCE A. BOHM (SBN 208716)
    **BOHM LAW GROUP**
7   4600 Northgate Blvd., Suite 210
    Sacramento, CA 95834
8   Telephone: (916) 927-5574
    Facsimile: (916) 927-2046
9
    Attorney for Plaintiff
10  REBECCA HUNT

11

12

13              UNITED STATES DISTRICT COURT

14              EASTERN DISTRICT OF CALIFORNIA

15

16  REBECCA HUNT,                    Case No.  2:11-cv-01132-WBS-KJN

17              Plaintiffs,          **STIPULATION AND [~~PROPOSED~~]**
                                     **ORDER EXTENDING THE DEADLINES OF**
18       v.                          **THE STATUS (PRETRIAL SCHEDULING)**
                                     **ORDER**
19  WAL-MART STORES, INC.; and DOES
    1-100, inclusive,
20
    Defendants.
21

22

23

24       Plaintiff, REBECCA HUNT, by and through her attorney of record, Lawrance A. Bohm

25  and Defendant, WAL-MART STORES, INC., by and through their attorneys of record Michael

26  T. Lucey and Kevin D. Whittaker stipulate to modify this Court's Status (Pretrial Scheduling)

27  Order (Doc #10) of August 17, 2011.

28
                                        1

## I. EXISTENCE OF GOOD CAUSE

1. Good cause exists in that the parties are stipulating to elect referral of action to Voluntary Dispute Resolution Program.  In order to facilitate possible resolution of the case through the Voluntary Dispute Resolution Program, the parties have agreed to seek relief from the court as to the above deadlines imposed by the Status Pretrial Scheduling Order.

2. Good cause exists in that Plaintiff's counsel Mr. Bohm is in trial on another matter in San Joaquin County Superior Court from June 4 -15, 2012 and in Yolo County Superior Court from June 25 –July 8, 2012.

3. Good cause exists because Plaintiff still needs to take depositions of Defendants' witnesses and to complete discovery in this matter.

4. The parties do not expect the requested deadline extensions to require a continuation of trial currently scheduled for January 8, 2013.

5. Further, neither party would be prejudiced by the requested modification to the Court's Status (Pretrial Scheduling) Order.

Counsel for the parties believe that the interests of justice and efficiency would be served by an Order granting the requested continuance.  Accordingly, both counsel request modifications to the Court's Status (Pretrial Scheduling) Order so that both parties can adequately prepare this case for trial on January 8, 2013.

## II. STIPULATION

For the foregoing reasons, the parties to this action hereby ***STIPULATE AS FOLLOWS***:

1. That the following modifications be made to the Court's Status (Pretrial Scheduling) Order:

|  | Previous Date: | New Date: |
|---|---|---|
| Discovery Cut-Off | July 31, 2012 | October 29, 2012 |

2

| | | |
|---|---|---|
| Expert Disclosure Date | June 18, 2012 | September 14, 2012 |
| Rebuttal Expert Disclosure Date | July 16, 2012 | October 15, 2012 |
| Motion Filing deadline | July 31, 2012 | October 29, 2012 |
| Final Pretrial Conference | October 29, 2012 at 2:00 p.m. ** | |

**The parties request the court reschedule the Final PreTrial Conference accordingly.

Dated:  5/30/12

> _/s/ Kevin D. Whittaker_
> MICHAEL T. LUCEY, ESQ.
> KEVIN D. WHITTAKER, ESQ.
> GORDON REESE
> Attorneys for Defendant
> WAL-MART STORES, INC.

Dated: 5/30/12
> _/s/ Lawrance A. Bohm_
> LAWRANCE A. BOHM, ESQ.
> Attorneys for Plaintiff
> REBECCA HUNT

## ORDER

The parties' stipulation (Dkt. No. 12) is HEREBY APPROVED, and the Status (Pretrial

Scheduling) Order (Dkt. No. 10) is modified to reflect the revised deadlines proposed above.

Additionally, the final pretrial conference shall take place before the district judge on December

10, 2012, at 2:00 p.m., in Courtroom 5.

IT IS SO ORDERED.

**Date:  6/1/2012**

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Stipulation re PreTrial Scheduling Order
HUNT v. WAL-MART STORES, INC., et al..